SAMUEL L. HAZZARD *versus* JOHN W. HASKELL *& al.*

The law does not favor pleas in abatement; and it requires that they should be pleaded with great precision and certainty.

A plea in abatement to the writ must conclude with, " praying judgment of the writ"; and the prayer that it may be quashed, without praying judgment of the writ, is not sufficient.

And advantage may be taken of such defect on general demurrer.

THIS case came before the Court on a general demurrer to the following plea.

" And now the said defendants come and defend the wrong, &c., and for plea, say that they ought not to be held further to

answer to the plaintiffs' writ, because, he says, that the said plaintiff is not an inhabitant of this State, but is an inhabitant of the Commonwealth of Massachusetts, and because, he says, that said writ was not before entry in Court, nor now is indorsed by any sufficient person, who was or is an inhabitant of the State, nor is said writ indorsed by any person as by law required ; all which he is ready to verify. Wherefore they pray that said writ may be quashed, and for their legal costs.

"By Wm. H. Weeks, def'ts attorney."

"Waldo, ss. July Term, 1846. Filed 1st day.

"W. H. Burrill, clerk."

*N.* and *H. B. Abbott* argued in support of the demurrer.

They objected that the plea was not verified by affidavit. The rule requires, that a plea in abatement should be verified by affidavit, unless it states that the facts appear of record.

. If the plaintiff was an inhabitant of the State when the writ was sued out, no indorser is required. This plea, merely says that he was not an inhabitant of the State, at the time of the entry of the action in Court ; and for that cause also, the plea is insufficient.

*Weeks,* for the defendants, said that an affidavit was not required in this case, because the writ describes the plaintiff as then an inhabitant of Boston in the Commonwealth of Massachusetts.

The plea states, that the plaintiff was not an inhabitant of this State, but was an inhabitant of another State, and the writ itself shows, that he was not an inhabitant of this State, at the commencement of the suit.

The opinion of the Court, WHITMAN C. J. taking no part in the decision, was drawn up by

SHEPLEY J. — The case is presented on a general demurrer to a plea in abatement. A special demurrer is not required in any such case. *Lloyd* v. *Williams,* 2 M. & S. 484.

The law does not favor such pleas, and it requires, that they should be pleaded with great precision and certainty. 1 Chit-

ty's Pl. 444. *Baker* v. *Gough,* Cro. Jac. 82. They must be good both in form and substance.

A plea in abatement to the writ must conclude with " praying judgment of the writ," and the prayer, that it may be quashed without praying judgment of the writ, is not sufficient. . Co. Litt. 303, (a) note e. 2 Saund. 209, (a) note 1. *Hixon* v. *Binns,* 3 T. R. 185. The plea in this case containing no such prayer is bad in form.

*Respondeas ouster.*